IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALBERT DENNIS LUCERO,**

**Plaintiff,**

vs.

**GARY E. JOHNSON, Governor of New Mexico,**
**NEW MEXICO DEPARTMENT OF CORRECTIONS,**
**ROBERT J. PERRY, Secretary of Corrections,**
**JOHN SHANKS, Director of Adult Prisons,**
**DONNA WILPOLT, Deputy Corrections Secretary,**
**JERRY TAFOYA, Deputy Corrections Secretary,**
**JEFF SERNA, Interstate Compact Coordinator,**

and

**VIRGINIA DEPARTMENT OF CORRECTIONS**
**RONALD ANGELONE, Virginia Corrections Director,**
**STANLEY K. YOUNG, Wallens Ridge State Prison Warden,**
**CORRECTIONS OFFICER COCHRANE, and**
**UNNAMED GUARDS AND OFFICERS,**

**Defendants.**

CO ... -5  FH 2: 34

CIV C 0 _ 6 5 4

Karen B. Molzen

## VERIFIED
## COMPLAINT FOR VIOLATIONS
## OF CONSTITUTIONAL RIGHTS

Albert Lucero, Plaintiff, presents the following Complaint seeking declaratory,

compensatory, exemplary, and injunctive relief from Defendants' denials and violations of

his civil and constitutional rights, stating as follows:

1.      Plaintiff is **Albert Lucero**. At the end of August 1999, Plaintiff was a prisoner

at the Penitentiary of New Mexico in Santa Fe, New Mexico. At the time he was transferred

to the Wallens Ridge State Prison in Big Stone Gap, Virginia, Plaintiff was a minimum

security prisoner in protective custody because he had witnessed a violent incident at another New Mexico prison.

2.     The New Mexico Defendants are **Gary Johnson**, New Mexico Governor; the **New Mexico Department of Corrections**; and **Robert J. Perry**, Secretary of Corrections; **John Shanks**, Acting Deputy Secretary and Director of Adult Prisons; **Donna Wilpolt**, Deputy Secretary; **Jerry Tafoya**, Deputy Secretary; and **Jeff Serna**, Deputy Secretary and Interstate Compact Coordinator.

3.     Virginia Defendants are the **Virginia Department of Corrections; Ronald Angelone**, Virginia Corrections Department Director; and **Stanley K. Young,** the Warden of Wallens Ridge State Prison. **Officer Cochrane** is a Corrections Officer at the prison. The **Unnamed Guards and Officers** are State of Virginia employees and officers who personally abused and mistreated Plaintiff but whose names are not fully known at this time.

4.     Defendants Gary Johnson, Robert Perry, John Shanks, Donna Wilpolt, Jerry Tafoya, Jeff Serna, Ronald Angelone, Stanley K. Young, Officer Cochrane, and the unnamed guards and officers who beat and abused Plaintiff at WRSP are sued in their individual as well as their official capacities.

5.     The individually named Defendants, including Governor Johnson and Secretary Perry, as well as the presently unnamed guards and officers, are alleged to have been directly, individually, and personally involved in the acts and omissions described herein or to have held supervisory or policy-making authority and control over those who did directly inflict

2

punishment, pain, and deprivations of civil and constitutional rights on Plaintiff. Secretary Perry, Director Angelone, and Stanley K. Young share both direct and supervisory liability.

6.      Jurisdiction of the Federal Court is invoked pursuant to the Court's federal question jurisdiction under 42 U.S.C. Sections 1983, 1985, 1986, and the laws and Constitutions of the United States and the State of New Mexico.

## FACTUAL ALLEGATIONS

7.      On September 23, 1999, Defendants transferred Plaintiff and other prisoners from the Penitentiary of New Mexico in Santa Fe, New Mexico, to Wallens Ridge State Prison ("WRSP") in Big Stone Gap, Virginia, a Supermax Prison, without prior notice or hearing.

8.      Prior to September 23, Plaintiff was housed in the protective custody unit of the Penitentiary of New Mexico in Santa Fe.

9.      Plaintiff did not participate in any prison violence, he was not a gang member or leader, and he was not a troublemaker of any sort. Plaintiff was a well-behaved, non-violent prisoner who had the misfortune to witness a violent incident while in the custody of the Department of Corrections in Estancia, New Mexico.

10.     Defendants have not charged Plaintiff with any misconduct; they have not given him notice of any charges and have not held any hearing.

11.     Near the end of August, 1999, following serious incidents of violence at private prisons around the State, Governor Johnson expressed his concern about the differences between public and private corrections facilities.

12.    According to Governor Johnson and Corrections Secretary Perry, prisoners at private prisons who were involved in violent incidents were being sent back to the State-run prisons, where living conditions were more comfortable than at the private prisons. Governor Johnson announced a new policy of sending such prisoners out-of-state instead.

13.    On Friday, August 27, 1999, the Corrections Department Defendants posted Notices in the privately run prisons:

> **ATTENTION:**
>
> **THIS DOCUMENT IS POSTED FOR INFORMATION TO ALL INMATES:**
>
> **ANY FURTHER INCIDENTS OF VIOLENCE WILL RESULT IN TRANSFER OF INMATES TO OUT OF STATE FACILITIES.**
>
> **YOU WILL NOT BE MOVED TO NEW MEXICO PRISONS, BUT WILL BE MOVED BASED ON EMERGENCY TRANSFERS TO INSTITUTIONS VIA THE INTERSTATE COMPACT AGREEMENT AND HOUSED THERE FOR AN INDEFINITE AMOUNT OF TIME.**
>
> **YOUR INSTITUTION WILL BE LOCKED DOWN UNTIL SUCH TIME AS THE AFFECTED INMATE TRANSFERS HAVE OCCURRED.**
>
> **STATE OF NEW MEXICO CORRECTIONS DEPARTMENT**

(EXHIBIT 1).

14.    The posting of the Notice was done with the knowledge and approval of Governor Johnson, Secretary Perry, John Shanks, and Eloy Mondragon. The Notice was posted as part of a plan and policy of the State of New Mexico and the Department of Corrections to threaten and intimidate prisoners with out-of-state transfers to worse conditions of confinement.

4

15.     On September 3, 1999, Corrections Secretary Perry announced:

> .... the immediate transfer of approximately 120 inmates incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, to the Wallens Ridge Correctional Facility in Big Stone Gap Virginia.

Perry also announced that:

> The Wallens Ridge Correctional Facility is a Super Max Level 6 Prison, one of only two in the nation. The 120 inmates from GCCF will remain at Wallens Ridge Correctional Facility indefinitely. While at WRCF the inmates will be locked down for most of the day, programmed in their cells, and under the constant supervision of Correctional Officers armed with 12 gauge combat shotguns.

16.     The State of Virginia had recently opened its two new Supermax Prisons, Wallens Ridge and Red Onion. Those prisons were designed and intended to confine, control, and punish the worst and most violent prisoners in the country.

17.     Upon his arrival at WRSP on September 25, 1999, Plaintiff was brutally beaten and injured by prison officers. He was immediately placed and held in a Segregation Unit. He did nothing to deserve the beatings he received.

18.     At WRSP Defendants have kept Plaintiff in a small cell for seven months, denying him any meaningful programs or activities, opportunity for exercise and recreation, medical, dental, and psychological attention, access to books or law library, telephone calls and other human contacts.

19.     The Virginia Defendants are unreasonably and cruelly humiliating and threatening Plaintiff. Without valid reason or justification they have subjected him to cruel,

5

harsh, and unusual conditions of control and confinement which are far different and more oppressive than any of Plaintiff's prior New Mexico prison experiences.

20.     At Wallens Ridge Plaintiff is being routinely subjected to extraordinarily oppressive and degrading measures, including complete denial of privacy, denial of exercise and recreation, strict control and limitation of movement, removal of social contact, enforced idleness and absence of meaningful activity, extreme forms of punishment and behavioral modification, and continual threats from electroshock weapons, chemical sprays, firearms, shotguns, police dogs and other methods of control and discipline.

21.     During his time at Wallens Ridge Plaintiff has never been allowed out of his cell without first being stripped, searched, shackled, chained, and handcuffed.

22.     Defendants have not given any reason or explanation for sending Albert Lucero to Wallens Ridge, beating him up, and confining him in the Segregation Unit.

23.     Throughout the events described herein, Defendants have forced Plaintiff to comply with arbitrary, unfair, and maliciously imposed rules, regulations, policies and practices. Defendants have physically and emotionally attacked and abused Plaintiff without any valid reason, just cause, or due process.

## COUNT 1

## VIOLATIONS OF THE RIGHT TO DUE PROCESS

24.     The Fourteenth Amendment to the United States Constitution and Article II, Section 18, of the New Mexico Constitution provide the rights to due process and equal protection of the laws.

25.     Defendants Robert Perry and other New Mexico Corrections Department officials arbitrarily and unreasonably selected and approved the selection of Plaintiff for transfer and Supermax imprisonment in Virginia.

26.     Defendants' transfer of Albert Lucero to Virginia in chains and shackles, his extended misplacement in the Segregation Unit of a Super Maximum Security prison in Virginia, and the imposition of cruelly restrictive conditions of confinement constitute atypical and significant hardships and deprivations of Plaintiff's fundamental rights.

27.     Defendants have not allowed or provided any pre-disciplinary, post-disciplinary, or classification hearing or process of any sort; they have not given Albert Lucero any notice of the reasons he is being punished nor have they allowed any opportunity for Albert Lucero to be heard on the subject of his punitive transfer to Wallens Ridge State Prison.

28.     Defendants' acts and omissions and their treatment of Albert Lucero described herein violate commonly accepted norms of human, social, personal, and official conduct and behavior, and constitute human rights violations which are truly unconscionable and offensive to the concepts of ordered liberty and justice.

29.     Despite his conviction and sentence, Plaintiff has a substantial residual liberty interest which Defendants have denied or seriously compromised by their acts and omissions.

30.     Defendants are liable for the damages proximately resulting from their violations of Plaintiff's civil and constitutional rights to procedural and substantive due process of law.

7

## COUNT 2

## VIOLATIONS OF THE RIGHT TO BE FREE
## OF CRUEL AND UNUSUAL PUNISHMENT

31.     The preceding allegations and claims are adopted.

32.     At the time Defendants transferred Plaintiff to Wallens Ridge, Plaintiff was a non-violent individual, with no prior prison history of violent behavior.

33.     By subjecting Plaintiff to the most harsh and extreme conditions of confinement and punishment possible and by the mistreatment of Plaintiff described herein, Defendants have cruelly and unusually inflicted punishment that goes far beyond the bounds of any acceptable or necessary treatment or conditions of confinement.

34.     Defendants knew that Albert Lucero had nothing to do with any prison violence and that he was in protective custody for his protection, not because he was a dangerous or violent prisoner. They also knew, and it was clearly foreseeable, that sending Plaintiff to a Supermax penitentiary would inflict serious emotional harm and damage.

35.     Defendants have established a pattern and practice of using unnecessary and excessive force which is neither justified or excused by any legitimate penological or correctional policies or practices.

36.     The force used against Plaintiff was not motivated by any good faith effort to restore order or maintain the security of the prison. To the contrary, the force used against Plaintiff was arbitrary, unreasonable, vicious, and malicious.

8

37.     The New Mexico Defendants, including Governor Johnson, Secretary Perry and Corrections Department officials and staff, are fully aware of and have caused, condoned, sanctioned, supported, and encouraged the Virginia Defendants' brutal and malicious conduct.

38.     At the same time they have caused and supported the Virginia brutality and violation of Plaintiff's rights, the New Mexico Defendants have repeatedly and falsely denied any brutality or violation of rights has occurred.

39.     Both New Mexico and Virginia Defendants are liable for any and all damages, including but not limited to damages for mental and emotional distress and physical pain and suffering, caused by their infliction of cruel and unusual punishment on Plaintiff in violation of the Eighth Amendment to the United States Constitution and Article II, Section 13, of the New Mexico Constitution.

## COUNT 3

## VIOLATIONS OF THE RIGHT TO BE FREE
## OF UNREASONABLE SEARCHES AND SEIZURES

40.     The preceding allegations and claims are adopted.

41.     The Fourth Amendment to the United States Constitution and Article II, Section 10, of the New Mexico Constitution prohibit unreasonable searches and seizures.

42.     Throughout the time he was transported to Wallens Ridge State Prison and while at Wallens Ridge, Plaintiff was and is being repeatedly and painfully restrained, shackled, handcuffed, and required to endure long periods of distress and discomfort.

9

43.     The Virginia Defendants are forcing Albert Lucero to submit to numerous strip searches.  A Wallens Ridge memo details the procedure:

> Any time a strip search is conducted the inmate will be required to strip off all his clothing, turn around slowly, put his hands on his buttocks, spread his buttocks, squat to the ground while buttocks is still spread, and cough hard twice.
>
> This procedure will be followed any time a segregation inmate leaves his cell for any reason.  There will be no exceptions to this procedure.

(EXHIBIT 2).

44.     Defendants are routinely and unnecessarily conducting seizures and physical restraints of Plaintiff, including use of shackles, handcuffs, chains, stun guns and other restraint devices and weapons, without any penological justification but with the intent of threatening and applying pain and inducing injury.

45.     Defendants are routinely and unnecessarily conducting many searches of Plaintiff, including use of strip searches and audio and video surveillance, with attendant physical and psychological invasions, without any penological justification but with the intent of degrading, humiliating, oppressing, damaging and inflicting pain and injury.

46.     By their policies, procedures, acts, and omissions, Defendants knowingly, deliberately, and unreasonably removed and denied the residuum of privacy and personal rights retained by Albert Lucero.

47.     The New Mexico Defendants, including Governor Johnson, Secretary Perry and Corrections Department officials and staff, are fully aware of and have caused, condoned, sanctioned, supported, and encouraged the Virginia Defendants' invasive conduct.

48.    Both New Mexico and Virginia Defendants are liable for the damages resulting from their violations of Plaintiff's fundamental right to be free of unreasonable, unwarranted and unjustified searches and seizures.

## COUNT 4

## VIOLATION OF INTERSTATE COMPACT

49.    The preceding allegations and claims are adopted.

50.    On September 3, 1999, New Mexico Corrections Secretary Robert Perry and Virginia Corrections Director Ron Angelone entered into a Memorandum of Understanding providing for the transfer of the New Mexico prisoners to Wallens Ridge State Prison.

51.    An Interstate Compact, codified as State law at 31-5-17 NMSA (2000), provides that inmates sent to another state's institutions "shall be treated in a reasonable and humane manner . . . .."

52.    The Compact further provides that confinement in another state "shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state."

53.    Defendants have breached the provisions of the Interstate Compact by failing to treat Plaintiff and others "in a reasonable and humane manner" and by failing to provide Plaintiff with the same rights he "would have had if confined in an appropriate institution" in New Mexico.

11

54.     Plaintiff is a third-party beneficiary who has been damaged as a result of Defendants' breach of the Interstate Compact and Defendants are liable to Plaintiff for damages sustained as a proximate result of their misconduct.

## COUNT 5

## DENIAL OF EQUAL PROTECTION OF THE LAW

55.     The preceding allegations and claims are adopted.

56.     By selecting Plaintiff and compelling his transfer to Super maximum security confinement in Virginia Defendants acted arbitrarily and unreasonably and violated Plaintiff's right to equal protection of the law.

57.     At Wallens Ridge the New Mexico prisoners are segregated in their own section and are treated more harshly and cruelly than prisoners from other states.

58.     By treating Plaintiff and others with non-violent records as prisoners to Wallens Ridge and by treating them differently from other similarly classified prisoners and differently and more harshly than other prisoners at WRSP, Defendants have denied Plaintiff's right to equal protection and are liable for damages resulting from their violations.

## COUNT 6

## SUPERVISORY AND MANAGEMENT LIABILITY

59.     The preceding allegations and claims are adopted.

60.     The denials of due process rights and the gratuitous use of force described herein evidence malicious attempts to inflict punishment and injury, rather than good faith efforts to maintain order and the security of the institution.

12

61.     Defendants Perry, Angelone, and Young have not only failed to monitor and control the excessive use of force against Plaintiff, but have encouraged, condoned, and supported such use of force and such harsh and excessive conditions of confinement.

62.     Defendants engaged in a pattern and practice of using excessive force and of demonstrating deliberate indifference to the rights and interests of Plaintiff and other New Mexico prisoners. Defendants are liable for damages resulting from their excessive use of force and their deliberate indifference to Plaintiff's fundamental and other constitutional, civil, and human rights.

## COUNT 7

## CONSPIRACY

63.     The preceding allegations and claims are adopted.

64.     Defendants met, conversed, planned, and arranged between and among themselves and with their subordinates to execute the transfer, placement, and punishment of Plaintiff and the other New Mexico prisoners at Wallens Ridge State Prison.

65.     Defendants have acted individually and together with each other and other government officials and employees to plan, cause, and effect the transfer of Plaintiff and other prisoners to Wallens Ridge State Prison knowing that the transfers and placements would inflict extraordinary physical and emotional pain, suffering, and damage.

66.     Defendants have acted individually and together with each other and other government officials and employees to harm and injure Plaintiff through the excessive uses of force and violations of civil and human rights described herein.

67.    Plaintiff is entitled to damages and other relief for injuries resulting from Defendants conspiracy and violations of his constitutional rights.

## COUNT 8

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND CLAIM FOR EXEMPLARY AND PUNITIVE DAMAGES

68.    The preceding allegations and claims are adopted.

69.    Defendants' conduct described herein was willful, wanton, deliberate, malicious, and was intended to and did punish and inflict pain and emotional harm upon Albert Lucero for acts he did not commit.

70.    Defendants have acted with deliberate and utter indifference for the rights of Albert Lucero; their conduct in this case is shocking and egregious.

71.    Plaintiff is entitled to an award of exemplary and punitive damages to punish, deter and prevent Defendants and others from committing such extreme and offensive acts in the future.

## COUNT 9

### CLAIM FOR INJUNCTIVE RELIEF

72.    The preceding allegations and claims are adopted.

73.    Plaintiff is presently imprisoned in the maximum security unit of WRSP. As described herein he is being subjected to cruel and inhumane punishment without just cause or reason.

14

74.   Plaintiff has never been charged with any misconduct or misbehavior; he has never been notified why he was sent to Supermax prison in Virginia; and he has never had an opportunity to defend against the transfer.

75.   Plaintiff has been denied the fundamental right to be free of unreasonable searches and seizures and he suffers, on a daily basis, from the unjust and unreasonable restraints and seizures imposed upon him without any reason or justification.

76.   Furthermore, Plaintiff is suffering severe emotional distress and is being denied adequate medical and psychological treatment.

77.   Plaintiff does not have Virginia counsel and his New Mexico attorneys have only a very limited ability to contact and communicate with Plaintiff.

78.   Because of the apparent violations of Plaintiff's constitutional, civil, and human rights, Plaintiff has a substantial likelihood of success in the present litigation.

79.   Because of the nature of the abuse, the likelihood of success, and the absence of any other plain or speedy relief the Court should issue a preliminary injunction, requiring Defendants to return Plaintiff to New Mexico, to provide professional medical and psychological attention to Plaintiff, and to ensure that Plaintiff is not subjected to any further brutal, cruel, or unusual punishments without ample justification for any such conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the award of the following relief:

A.    Declaratory and compensatory relief for damages resulting from violations of Plaintiff's liberty interests and rights to due process of law, including but not limited to damages for pain, injury, suffering, and emotional distress.

B.    Declaratory and compensatory relief for damages resulting from violations of Plaintiff's right to be free of unreasonable searches and seizures and cruel and unusual punishment.

C.    Declaratory and compensatory relief for damages resulting from violations of the interstate compact and other agreements among the parties.

D.    An Injunctive Order requiring Defendants to return Plaintiff to New Mexico and requiring Defendants to provide counseling, therapy, treatment, and care necessary to treat him in New Mexico for the immediate and the long-term effects of his experience at Wallens Ridge.

E.    Exemplary and punitive damages to discourage and prevent such and similar acts by Defendants and others in the future in the amount of at least Two Million Dollars.

F.    Costs of this action and reasonable attorneys' fees.

G.    Such other and further equitable and legal relief as the Court deems just, proper, and necessary.

16

Respectfully submitted,

PAUL LIVINGSTON
Attorney for Albert Lucero
P.O. Box 90908
Albuquerque. NM 87199
(505) 823-4410

and

MARC H. ROBERT
MARC H. ROBERT, P.C.
Attorney for Albert Lucero
1122 Central Ave. SW
Albuquerque. New Mexico 87102
(505) 243-9080
Fax (505) 242-4526

17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALBERT LUCERO,**

      **Plaintiff,**

**vs.**

**GARY E. JOHNSON, Governor, et al.,**

      **Defendants.**

### JURY TRIAL DEMAND

Comes now Plaintiff Albert Lucero, by and through his attorney, and requests trial by jury of all matters which may be properly tried to a jury.

Respectfully submitted,

Paul Livingston
Attorney for Albert Lucero
P.O. Box 90908
Albuquerque, NM 87199
(505) 823-4410

# ATTENTION:

# THIS DOCUMENT IS POSTED FOR INFORMATION TO ALL INMATES:

ANY FURTHER INCIDENTS OF VIOLENCE WILL RESULT IN TRANSFER OF INMATES TO OUT OF STATE FACILITIES.

YOU WILL NOT BE MOVED TO NEW MEXICO PRISONS, BUT WILL BE MOVED BASED ON EMERGENCY TRANSFERS TO INSTITUTIONS VIA THE INTERSTATE COMPACT AGREEMENT AND HOUSED THERE FOR AN INDEFINITE AMOUNT OF TIME.

YOUR INSTITUTION WILL BE LOCKED DOWN UNTIL SUCH TIME AS THE AFFECTED INMATE TRANSFERS HAVE OCCURRED.

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT

Plaintiff's
**EXHIBIT** 1

**WALLENS RIDGE
STATE PRISON**

# Memo

**To:**     INMATE POPULATION

**From:**  MAJOR T. YATES

**Date:**  11/12/99

**Re:**     STRIP SEARCH PROCEDURE

---

LATELY THERE HAS BEEN SOME CONFUSION ABOUT THE STRIP SEARCH PROCEDURE HERE AT WALLENS RIDGE STATE PRISON. THIS MEMO WILL CLEAR UP ANY QUESTIONS YOU MAY HAVE ABOUT THIS PROCEDURE.

ANY TIME A STRIP SEARCH IS CONDUCTED THE INMATE WILL BE REQUIRED TO STRIP OFF ALL HIS CLOTHING, TURN AROUND SLOWLY, PUT HIS HANDS ON HIS BUTTOCKS, SPREAD HIS BUTTOCKS, SQUAT TO THE GROUND WHILE BUTTOCKS IS STILL SPREAD, AND COUGH HARD TWICE.

THIS PROCEDURE WILL BE FOLLOWED ANY TIME A SEGREGATION INMATE LEAVES HIS CELL FOR ANY REASON. THERE WILL BE NO EXCEPTIONS TO THIS PROCEDURE.

MAJOR T. YATES

**Plaintiff's
EXHIBIT 2**

## VERIFICATION

I, ALBERT DENNIS LUCERO, being duly sworn upon my oath, do hereby state and affirm that I have read the foregoing complaint, that I understand the complaint, and that the facts set out therein are true and correct, to the best of my knowledge.

*Albert Lucero*
ALBERT DENNIS LUCERO

COUNTY OF WISE        )
                     ) ss
STATE OF VIRGINIA     )


Sworn and Subscribed to before me this 25 day of April, 2000, by Albert Lucero


*Brian Hanan*
NOTARY PUBLIC

My Commission Expires: 09- 30 - 04

16